**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
ANTWAN FREEMAN,                     :
                                    : Civil Action No. 13-7627 (RMB)
        Petitioner,            :
                                    :
        v.                     :
                                    :
KENNETH NELSON, et al.,             : **MEMORANDUM OPINION**
                                    : **AND ORDER**
        Respondents.           :
_____:

**BUMB, District Judge:**

    This matter comes before this Court upon Petitioner's submission of a habeas petition ("Petition"). See Docket Entry No. 1. The Petition arrived unaccompanied by Petitioner's filing fee or his application to proceed in this matter in forma pauperis. See generally, Docket.

    The Petition asserted challenges to Petitioner's conviction of multiple offenses and to his sentence imposed by the Superior Court of New Jersey, Law Division, on September 17, 2004. See Docket Entry No. 1, at 2. However, Petitioner also asserted that the Superior Court of New Jersey, Appellate Division, affirmed his September 17, 2004, conviction and sentence on December 18, 2003, that is, ten months *prior* to the entry of Petitioner's judgment of conviction. See id. He also asserted that the Supreme Court of New Jersey denied him certification on September

23, 2004, see id. at 3, that is, just five days after his conviction and sentence.

Moreover, Petitioner asserted that he sought post-conviction relief ("PCR") by an application filed with the Law Division on October 11, 2006, that is, more than two years after the Supreme Court of New Jersey denied him certification as to his direct appeal. See id. Petitioner stated that the Law Division denied him PCR on December 15, 2006, that is, about a month after his filing. See id. Petitioner did not clarify whether he appealed that ruling to the Appellate Division; nor did he detail the outcome of such appeal or the following events. See id.

This Court's own research discovered an Appellate Division decision in State of new Jersey v. Antwan Freeman, 2009 WL 17888 (N.J. Super. App. Div. Jan. 5, 2009), which stated:

> [After Petitioner was convicted,] on *December 18, 2003*, [the Appellate Division] affirmed the conviction but remanded [his] matter for re-sentencing. Following the imposition of an *amended sentence* on September 17, 2004, [Petitioner] filed a petition for certification that was denied on *September 21, 2004*. [Petitioner] then filed his PCR petition on *April 19, 2005*. [That] petition was denied by the [Law Division] on December 15, 2006 . . . .

Id. at *1 (emphasis supplied).

According to this Court's research, the Appellate Division dismissed his PCR appeal on January 5, 2009. See id. at *2. In addition, this Court's research located the decision issued by the Supreme Court of New Jersey on November 13, 2013, that is,

2

*almost four years after* the entry of the aforesaid Appellate Division's ruling; that decision denied Petitioner certification with regard to his PCR challenges.[1]  See State v. Freeman, 2013 N.J. LEXIS 1271 (N.J. Nov. 8, 2013).

Section 1914 provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5."  42 U.S.C. § 1914(a).  The Supreme Court, however, observed that, "while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]."  Smith v. Bennett, 365 U.S. 708, 712 (1961).  Therefore, a related statute, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).[2]

---

[1] Petitioner dated his Petition at bar as of December 5, 2013.  See Docket Entry No. 1, at 7.

[2] Specifically, in a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification.  See Local Civil Rule 81.2(b).  Consequently, to

3

The prisoner's legal obligation to prepay the filing fee or to duly obtain in forma pauperis status is automatically incurred by the very act of initiation of his/her legal action. See Hairston v. Gronolsky, 2009 U.S. App. LEXIS 22770, at *5 (3d Cir. Oct. 15, 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)). If the application to proceed in forma pauperis is incomplete, the Court may enter an order denying the application without prejudice and administratively terminating the case.

Here, Petitioner failed to submit his certified prison account statement. Therefore, his application to proceed in this matter in forma pauperis will be denied, without prejudice, and the Clerk will be directed to terminate this matter subject to reopening upon Petitioner's timely submission of his $5 filing fee or his complete in forma pauperis application.

In conjunction with the foregoing, Petitioner will be directed to file a written statement clarifying the time-line of the relevant events.[3]

---

submit an application to proceed in forma pauperis in a habeas case, the prisoner must: (a) complete all questions in his/her affidavit, sign and date that affidavit; and (b) obtain the signature of the appropriate prison official who certifying the prisoner's present and the greatest six-month amounts. See id.

[3] In the event Petitioner does not know or cannot recall the exact dates or events, which would be perpetration of a fraud on this Court. If Petitioner does not know or cannot recall the exact dates or events, and these dates or events are relevant, the Court will direct Respondent to provide the Court with the record.

Specifically, his written statement shall clarify: (a) the dates, if known, when Petitioner was convicted and sentenced; (b) the date, if known, when Petitioner had his application for certification denied by the Supreme Court of New Jersey as to his direct appeal;[4] (c) the date, if known, when Petitioner filed his PCR application with the Law Division, as well as the date, if known, when his PCR application was perfected in the Law Division under the state law; (d) the date, if known, when Petitioner filed his appeal with the Appellate Division as to his PCR, as well as the date, if known, when his appellate PCR application was perfected in the Appellate Division under the state law;[5] and (e) the date, if known, when Petitioner filed his application for certification from the Supreme Court of New Jersey as to his PCR, as well as the date, if known, when that application for certification was perfected under the state law.[6]

---

[4] In the event Petitioner was re-sentenced but did not appeal his re-sentencing to the Appellate Division and, instead, filed an immediate application for certification with the Supreme Court of New Jersey, Petitioner shall clarify this chain of events. If the chain of events is unknown to Petitioner, Petitioner shall expressly state so.

[5] In the event Petitioner was allowed by the Appellate Division to raise his appellate PCR challenges out of time, nunc pro tunc, Petitioner shall specify the date when his application to appeal nunc pro tunc was granted by the Appellate Division.

[6] In the event Petitioner was allowed by the Supreme Court of New Jersey to file his application for certification out of time, nunc pro tunc, Petitioner shall specify the date when his request to file his application for certification nunc pro tunc

The Court stresses that, in the event Petitioner does not know either the relevant dates or the relevant events, Petitioner shall expressly state so in his written statement. Accord supra, this Memorandum Opinion and Order, note 3.

In addition, in the event Petitioner's appellate filings (or perfection of his appellate applications) were executed with delays under the state law, Petitioner shall detail, in his written statements, his reasons for each of these delays.[7] The Court stresses that Petitioner is being expressly notified of his opportunity to detail the reasons for his delays, if such took place, and his failure to address his reasons for each of these delays in his written statement will be construed by this Court to mean that such delays, if they took place, were made without any justification whatsoever. Cf. United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc).[8]

---

was granted by the Supreme Court of New Jersey.

[7] For instance, this Court's research indicates that the Supreme Court of New Jersey denied him certification as to his PCR challenges almost four years after the Appellate Division affirmed the Law Division's denial of PCR. Since, in a typical scenario, the Supreme Court of New Jersey addresses applications for certification expeditiously and resolves them in about six months, it appears that the ruling by the Supreme Court of New Jersey was delayed as a result of Petitioner's delayed filing.

[8] In light of the ambiguity of Petitioner's time-line and events that took place in state fora, this Court finds issuance of a notice, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), premature.

IT IS, therefore, on this **7th** day of **January 2014**,

**ORDERED** that Petitioner's implied application to proceed in this matter in forma pauperis is denied; and it is further

**ORDERED** that such denial is without prejudice, and Petitioner may either submit the filing fee of $5 or cure the defects of Petitioner's submission by filing a complete in forma pauperis application, as required by Local Civil Rule 81.2(b); and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED." Such termination shall be subject to reopening in the event Petitioner submits, within thirty days from the date of entry of this Order, either his filing fee of $5 or his complete in forma pauperis application; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail, together with a blank in forma pauperis form for prisoners seeking to bring a habeas action; and it is further

**ORDERED** that, in the event Petitioner elects to submit either his filing fee of $5 or his complete in forma pauperis application, he shall accompany the same by his written statement, providing the Court with the relevant time-line and

list of the events, as detailed in this Memorandum Opinion and Order;[9] and it is finally

**ORDERED** that, in the event Petitioner does not know or cannot recall the relevant time-line and list of the events, as detailed in this Memorandum Opinion and Order, Petitioner shall expressly designate, in his written statement, each particular date or each particular event with regard to which he has no knowledge or recollection.[10]

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**

---

[9] In the event Petitioner submits his _in forma pauperis_ application and written statement in accordance with the terms of this Memorandum Opinion and Order, his Petition will be deemed timely if it was timely on the date when he handed it to his prison officials for mailing to this Court.

[10] The Court takes this opportunity to remind Petitioner that his pleading, as well as his written statement supplementing his pleading, are documents executed under the penalty of purjury.